UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALAN S. NOONAN, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 06-CA-10716-NMG |
| v. | ) ) | |
| STAPLES, INC., | ) ) | |
| Defendants. | ) ) ) | |

**ANSWER TO COMPLAINT AND JURY DEMAND**

Defendant Staples, Inc. ("Defendant," the "Company" or "Staples") hereby answers Plaintiff Alan S. Noonan's ("Plaintiff" or "Noonan") Complaint and Jury Demand as follows:

1.    Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2.    Defendant admits the allegations in the Paragraph 2 of the Complaint.

3.    Defendant admits only that Plaintiff has been employed with Defendant since November 2004, most recently as a Regional Sales Director, and that he was offered a promotion in December 2005 which was to be effective January 31, 2006. Defendant denies the remainder of the allegations in Paragraph 3 of the Complaint.

4.    Defendant admits only that on or about December 23, 2005, Plaintiff was informed that his expense reports were being audited. Further answering, Defendant states that it

is without sufficient knowledge or information to form a belief as the truth of the remainder of the allegations in Paragraph 4 of the Complaint.

5.      Defendant admits the first two sentences of Paragraph 5 of the Complaint and the allegation that Plaintiff asserted that he did not book his travel through the company's travel department because it was less expensive.  Defendant denies the remainder of the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant admits the allegations in Paragraph 6 of the Complaint.

7.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint to the extent that they assert Plaintiff's state of mind.  To the extent they make factual assertions, Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant admits only that Plaintiff submitted documentation to Defendant, that Defendant had submitted an expense report for $1,129 for lunch at McDonald's in an airport, and that Plaintiff should have accurately reported his expenses.  Defendant denies the remainder of the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant admits only that a termination letter dated January 19, 2006 was sent to Plaintiff and that a letter dated January 20, 2006 asked Plaintiff to reimburse Defendant $4,813.62.  Defendant denies the remainder of the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant admits only that the document attached as Exhibit A was a policy of Defendant regarding travel and expenses, which document speaks for itself.  In further answering, Defendant states that Exhibit A was not the policy regarding travel and expenses in

effect at the time of Plaintiff's termination. Defendant denies the remainder of the allegations in Paragraph 10 of the Complaint.

11. Defendant admits only that Jay Baitler, Executive Vice President of Staples, sent an e-mail and that the document speaks for itself. Defendant denies the remainder of the allegations in Paragraph 11 of the Complaint.

12. Defendant states that the Stock Option Agreements between Plaintiff and Defendant speak for themselves. Further answering, Defendant admits only that Plaintiff attempted to exercise his options and denies the remainder of the allegations in paragraph 12 of the Complaint.

13. Defendant admits only that the document attached as Exhibit B is a Stock Option Agreement, which document speaks for itself. Defendant denies the remainder of the allegations in Paragraph 13 of the Complaint.

14. Defendant admits only that Plaintiff sent a letter dated February 28, 2006 to Defendant after his termination and was unable to exercise his options. Defendant denies the remainder of the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant admits only that Plaintiff did not receive any bonus compensation after his termination from Defendant and denies the remainder of the allegations contained in Paragraph 16 of the Complaint.

## COUNT I

17. Defendant reasserts its answers to Paragraphs 1 through 16 above.

18. Defendant admits that Mr. Baitler, Executive Vice President of Staples, sent out an e-mail announcing Plaintiff's termination for violating the Company's Travel and Expense Policy and denies the remainder of the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

## COUNT II

24. Defendant reasserts its answers to Paragraphs 1 through 23 above.

25. Defendant admits the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

## COUNT III

29. Defendant reasserts its answers to Paragraphs 1 through 28 above.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

## COUNT IV

33. Defendant reasserts its answers to Paragraphs 1 through 32 above.

34. Defendant is without sufficient information or knowledge to admit or deny the truth of the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

## AFFIRMATIVE DEFENSES

1.	Plaintiff fails to state a claim upon which relief may be granted.

2.	Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to exhaust administrative remedies and/or satisfy jurisdictional prerequisites.

3.	Plaintiff is barred and/or estopped from obtaining any relief by his own conduct, acts, omissions, and unclean hands.

4.	Plaintiff cannot recover damages as alleged, or any such damages recovered must be reduced, because Plaintiff caused or contributed to such damages by initiating the actions alleged to have caused his damages.

5.	Plaintiff's claims are barred, in whole or in part, because he was an at-will employee and therefore had no contract of employment with the Company or right to continued employment.

6.	Plaintiff has failed to mitigate his damages, if any.

7.	Defendant is not responsible for the acts of employees which were outside the course and/or scope of its duties to which those employees were assigned, including intentional acts and/or criminal acts not taken in furtherance of Defendant's objectives.

8.	Defendant had a qualified or conditional privilege to make any alleged statements concerning Plaintiff's conduct or performance at work, and any such statements were true.

9.	Plaintiff's claims are barred by the doctrine of laches.

10.	Plaintiff's breach of contract claims fail to establish the existence of a valid contract.

BO1 15775630.2

RESERVATION OF RIGHTS CLAUSE

Staples reserves its right to amend its answers and to assert any additional affirmative defenses as may become available or apparent during the course of discovery in this case.

WHEREFORE, Staples prays that the Court enter judgment:

1. dismissing the Complaint on the merits and with prejudice;

2. granting to Defendant its costs, including attorneys' fees, incurred in this action; and

3. granting to Defendant further relief as the Court may deem just and proper.

Respectfully submitted,

/s/
Krista G. Pratt (State Bar No. 644741)
Ariel D. Cudkowicz (State Bar No. 550577)

SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:   (617) 946-4801

ATTORNEYS FOR
DEFENDANTS
STAPLES, INC.

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 27, 2006.

/s/
Krista Green Pratt

BO1 15775630.2