UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALAN S. NOONAN,  )<br>  )<br>          Plaintiff,  )<br>  )<br>v.  )<br>  )<br>STAPLES, INC.,  )<br>  )<br>          Defendant.  )<br>  ) | CIVIL ACTION NO. 06-CV-10716-WGY |

**STAPLES, INC.'S REQUEST FOR CLARIFICATION
ON ELECTRONIC ORDER REGARDING DOCKET NO. 130**

Staples requests clarification as to the Court's Order regarding Staples' Motion in Limine to Preclude Deletion of Electronic Version of E-mail (Docket No. 130).

The Court's electronic Order of September 24, 2009 at 2:10 p.m., regarding Docket No. 130, states as follows:

> **Judge William G. Young: Electronic ORDER entered: The tentative ruling stands but, in reconsideration, Bailey may be called to testify about any deletion of the e-mail <u>after</u> either of the litigation holds re [130] MOTION in Limine To Preclude Evidence Regarding Deletion of Electronic Version of E-Mail (Paine, Matthew)**

Staples respectfully suggests that there is some ambiguity about which tentative ruling stands. At the Pre-Trial Conference held on September 11, 2009, this Court (Young, J.) advised the parties of its tentative ruling on Staples' Motion in Limine. The Court indicated that it did not view this as a case of "spoliation," but that the Court would permit evidence of deletion of the e-mail sent by Jay Baitler (the "Baitler e-mail") <u>only if</u> Plaintiff could come up with "competent evidence" that the e-mail was deleted outside the normal protocols for e-mail deletion. The Court explained that if and only if there were competent evidence of deletion

outside the normal protocols would the Court allow the evidence to show "consciousness of guilt" by Jay Baitler.  However, the electronic Clerk's Notes dated September 14, 2009, indicated, "#130 is tentatively denied."  Staples then filed a Reply arguing that Noonan could not show the e-mail was deleted outside the normal protocols.

Staples respectfully requests clarification of this Order, to clarify that Noonan may only introduce evidence of deletion of the email by calling Ms. Bailey to testify about any deletion of the email after either of the litigation holds.  Staples seeks this clarification so that the parties do not address topics in their openings that the Judge has ruled are no longer part of this case.

>Respectfully submitted,
>
>STAPLES, INC.,
>By its attorneys,
>
>/s/ Lynn Kappelman
>Lynn Kappelman (BBO No. 642017)
>Dawn Solowey (BBO No. 567757)
>SEYFARTH SHAW LLP
>World Trade Center East
>Two Seaport Lane
>Suite 300
>Boston, MA 02210-2028
>Telephone:    (617) 946-4800
>Telecopier:    (617) 946-4801
>lkappelman@seyfarth.com
>dsolowey@seyfarth.com

Dated: September 25, 2009

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 25, 2009.

>/s/ Lynn Kappelman
>Lynn Kappelman

BO1 16000320.1